IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RUSTON BENOIT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:08-cv-00263 |
| | § | Marcia Crone |
| BAY, LTD. and VALERO ENERGY | § | |
| CORPORATION | § | |

**PLAINTIFF'S SECOND AMENDED CLASS COMPLAINT
AND COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RUSTON BENOIT, Plaintiff herein, and files this his Second Amended Complaint, and would show the Court as follows:

1. <u>Parties</u>. Ruston Benoit is resident and domiciliary of Jefferson County, Texas. Plaintiff is a former employee of Defendant, Berry Contract, L.P. d/b/a Bay, Ltd. Plaintiff appears in this action on behalf of himself and as a proposed class representatives on behalf of all others similarly situated. Such Plaintiffs have been employed by Defendant, but have been paid wages in violation of the Fair Labor Standards Act.

2. Defendant, Berry Contract, L.P. d/b/a Bay, Ltd. is a corporation doing business in Texas. This Defendant is a domestic limited partnership and may be served with process through it registered agent in the state of Texas: **Berry GP, Inc., 1414 Valero Way, Corpus Christi, Texas 78409.**

3. Defendant The Premcor Refining Group, Inc. is a foreign corporation doing business in Texas. Service is currently pending upon this Defendant.

## CLASS DEFINITION AND ALLEGATIONS

4.     Plaintiff brings the Fair Labor Standards Act claims alleged herein as a collective action pursuant to 29 USC 216, and brings the remaining claims herein as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of a class.  Hereafter, all references to "the class", "class members", and the like are meant to refer to the group of putative plaintiffs, whether under 29 USC 216 or FRCP 23, as appropriate to the claims made under each section of the instant pleading.

5.     The Class is defined as Plaintiff Ruston Benoit and all those who are currently employed by Defendants from the time period May 1, 2005 to present and continuing, and who have had part of their wages classified as a "per diem" allowance; but the class shall not include the presiding judge, any persons currently employed by the United States Government or the Government of the State of Texas and working in the offices of or on behalf of the District Clerk for the Eastern District of Texas or the Jefferson County District Clerk or in the offices of or on behalf of any judge sitting in the Eastern District of Texas or the Jefferson County District Clerk, and any persons who become employees of the United States Government and begin working in the offices of or on behalf of the District Clerk for the Eastern District of Texas or the Jefferson County District Clerk in the offices of or on behalf of any judge sitting in the Eastern District of Texas or the Jefferson County District Clerk prior to the entry of a final judgment in this action.

6.     The proposed class--under TRCP 42---is properly maintainable in this action because the requisites of TRCP 42, Federal Rule of Civil Procedure 23 and/or 29 U.S.C. 216 have been met.  First, the class is believed to consist of hundreds of persons or more, making the members so numerous that joinders of all members would be impracticable.

7.     Second, there are questions of law and fact common to the members of the class.   The common questions include, among others:   (1) Whether Defendant's characterization of wages as a "per diem" wrongfully and artificially reduced the "regular rate" of Plaintiff; (2) Whether Defendant has violated the Fair Labor Standards Act; (3) Whether Defendant's actions were "willful" as that term is defined by the Fair Labor Standards Act; and (4) Under what formula should members of the class receive past-due overtime.

8.     Third, the claims of Ruston Benoit are typical of the claims of the other members of the proposed class, and he will fairly and adequately represent and protect the interest of the proposed class.  Ruston Benoit has no interests antagonistic to those of the other members of the proposed class.  His attorneys are qualified, experienced and able to conduct this litigation.

9.     Fourth, the questions of law and fact common to the members of the proposed class predominate over any questions affecting only individual members.

10.     Fifth, a class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein, and no unusual difficulties are likely to be encountered in the management of this class action.

## JURISDICTION AND VENUE

Plaintiff would show that he is a resident of Jefferson County, Texas.   Plaintiff brings this case pursuant to Track 3 of the Revised Texas Rules of Civil Procedure.

## COMMON FACTUAL ALLEGATIONS

11.     Plaintiff, Ruston Benoit was employed by Defendant as an Electrical Technician from on or about March 31, 2008 until on or about April 8, 2008.  During all

relevant times, Plaintiff Benoit resided in Port Arthur, Jefferson County, Texas, and worked in Port Arthur, Jefferson County, Texas.

12.     Plaintiff worked, during the time periods referenced above, in excess of forty (40) hours of work per week.  Pursuant to the Fair Labor Standards Act, those hours were overtime and subject to compensation at one-and-one-half times Plaintiff's regular rate.

13.     Defendant artificially and knowingly attempted to characterize a weekly payment as a "per diem," not subject to payment at a rate of time-and-a-half.  Therefore, instead of paying full wages of time-and-a-half for overtime, Defendant was able to pay less than that amount through the artifice of paying a "per diem."

14.     Defendant's actions have amounted to a willful violation of the Fair Labor Standards Act, for which recovery is allowed under Federal Law.

Breach of Contract

15.     Defendant agreed to pay $55.00 per day "per diem", but failed to do so.  See Exhibit "A" attached hereto and incorporated herein as if set forth at length.  Such failure constitutes a breach of contract.

Participation of The Premcor Refining Group, Inc.

16.     Upon information and belief, Defendant The Premcor Refining Group, Inc. directed and/or planned the manner in which Plaintiff was hired and/or the terms and conditions of his employment and/or the decision to improperly characterize wages as "per diem" and/or fail to pay the promised per diem.  As such, Defendant The Premcor Refining Group, Inc. is jointly and severally liable for the damages incurred by Plaintiff and the Class.

## DAMAGES

17.     Ruston Benoit and other class members, are entitled to their unpaid overtime wages at one-and-one-half times their true regular rate.  29 U.S.C.A. § 207, 216(b), 255(a). Plaintiffs are additionally entitled to an additional equal amount as liquidated damages resulting from Defendant's willful violation of the FLSA.  29 U.S.C.A. § 216(b).  Also, Plaintiffs are entitled to recover their attorney's fees, and pre-judgment and post-judgment interest on all damages.

## PRAYER

WHEREFORE, Plaintiff Rusty Benoit, Individually and on Behalf of all Others Similarly Situated, prays for judgment against Defendants as follows:

1.     For an order certifying the class under Texas Rule of Civil Procedure 42, and appointing Ruston Benoit and his counsel to represent the class;

2.     For an order directing that all class members be notified of the pendency of this proceeding and given an opportunity to "opt-in;"

3.     For an order requiring Defendants to be financially responsible for notifying all class members;

4.     For all damages, actual, special, and incidental, that are recoverable under law as the evidence may show proper;

5.     For attorney's fees in an amount deemed sufficient to cover the prosecution of this action;

6.     For all costs of these proceedings and interest from date of judicial demand; and

7.     For such other and further relief, in law or in equity, as to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
P. O. Box 26005
Beaumont, Texas 77720-6005
(409) 838-1000
FAX (409) 833-8236


By /s/ *John Werner*

    John Werner
    State Bar No. 00789720

    Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July 2008, I have served a true copy of the above and foregoing on the adverse parties by forwarding a copy of same to all opposing counsel herein via electronic filing.


/s/ *John Werner*

    John Werner